J-S78022-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| GUSTAVO LOPEZ, JR. | |
| Appellant | No. 1011 MDA 2014 |

Appeal from the PCRA Order November 24, 2014
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0003408-2000

BEFORE:  GANTMAN, P.J., JENKINS, J., and MUSMANNO, J.

MEMORANDUM BY JENKINS, J.:                **FILED JANUARY 23, 2015**

Appellant Gustavo Lopez, Jr. appeals *pro se* from the order entered in the Lancaster County Court of Common Pleas, which dismissed his petition brought pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The relevant facts and procedural history of this appeal are as follows. On May 10, 2001, a jury convicted Appellant of robbery, robbery of a motor vehicle, and conspiracy to commit robbery.[2]  On July 13, 2001, the court sentenced Appellant to consecutive terms of 6-12 years' incarceration for robbery, 5-10 years' incarceration for robbery of a motor vehicle, and 5-10 years' incarceration for conspiracy.

_____

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. §§  3701, 3702, 903, respectively.

Appellant filed post sentence motions on July 23, 2001, which the court denied on October 10, 2001.[3]  On March 14, 2002, Appellant filed a PCRA petition alleging his counsel was ineffective for failing to file a direct appeal.  On April 30, 2002, the court reinstated Appellant's right to appeal *nunc pro tunc*, and Appellant timely filed an appeal on May 17, 2002.  On December 18, 2002, this Court affirmed the judgment of sentence, and our Supreme Court denied Appellant's petition for allowance of appeal on March 30, 2004.

Appellant filed a second PCRA petition on June 29, 2004.  On July 12, 2004, the court issued Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing.  Appellant did not respond to the Rule 907 notice, and the court dismissed his petition.  Appellant did not appeal.

Appellant filed the present *pro se* PCRA petition on April 4, 2014.  On April 9, 2014, the court issued Rule 907 notice of its intent to deny the petition without a hearing within 20 days.  On May 7, 2014, Appellant filed an appeal.  The court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant complied on June 1, 2014.

Appellant raises the following issues for our review:

_____

[3] Appellant initially filed a motion for post-verdict relief, but on July 25, 2001, the court issued an order stating Appellant's motion for post-verdict relief would be considered and adjudicated as a post sentence motion.

WAS NOT APPELLANT SENTENCED TO AN ILLEGAL SENTENCE THAT WAS AGGREGATED AND ENTERED [CONSECUTIVELY] AS OPPOSED TO CONCURRENTLY?

WAS NOT TRIAL COUNSEL INEFFECTIVE AT TRIAL AND AT THE IMPOSITION OF SENTENCING?

SHOULD APPELLANT'S SENTENCE BE REVIEWED AND VACATED/MODIFIED?

WAS TRIAL COUNSEL INEFFECTIVE FOR NOT PRESENTING A FAIR [DEFENSE] TO APPELLANT AT TRIAL, AND FOR NOT OBJECTING TO THE IMPOSED SENTENCE?

HAS THE TRIAL COURT ABUSED [ITS] DISCRETION IN DISMISSING THE FILED [PCRA PETITION] AND EVEN SETTING ASIDE THE TIMELINESS [WHEN] RELIEF SHOULD HAVE BEEN GRANTED PURSUANT TO 42 [PA.C.S.] § 9542 WITH CLAIMS OF AN ILLEGAL SENTENCE[?]

WAS PROSECUTORIAL MISCONDUCT CONDUCTED BY THE DISTRICT ATTORNEY AT TRIAL AND WITHIN THE SENTENCE[?]

DOES APPELLANT MEET THE STANDARD UNDER THE STATUTE, SURPASSING THE TIMELINESS OF THE ONE (1) YEAR UNDER (PCRA)[?]

[WHETHER] THE TRIAL COURT FAILED TO PLACE SUFFICIENT REASONS AND/OR FACTS ON THE RECORD AT SENTENCING TO JUSTIFY AND/OR SUPPORT THE SENTENCE IMPOSED, [ESPECIALLY] IN THE CONSECUTIVE SENTENCE[?]

[WHETHER] THE TRIAL COURT, IN [IMPOSING] THE AGGREGATE [SENTENCE], IMPOSED A MANIFESTLY EXCESSIVE SENTENCE IN VIOLATION OF [APPELLANT'S] RIGHT[S] UNDER THE UNITED STATES CONSTITUTION AND PENNSYLVANIA CONSTITUTION, ARTICLE 1, SECTION 13[?]

Appellant's Brief at 4.

Before addressing the merits of Appellant's claims, we must first consider the timeliness of his PCRA petition, because it implicates the jurisdiction of both this Court and the PCRA court. *Commonwealth v. Williams*, 35 A.3d 44, 52 (Pa.Super.2011), *appeal denied*, 50 A.3d 121 (Pa.2012). "Pennsylvania law makes clear that no court has jurisdiction to hear an untimely PCRA petition." *Id.* To "accord finality to the collateral review process[,]" the PCRA "confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA timebar[.]" *Commonwealth v. Watts*, 23 A.3d 980, 983 (Pa.2011). With respect to jurisdiction under the PCRA, this Court has further explained:

> The most recent amendments to the PCRA...provide a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. A judgment is deemed final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

*Commonwealth v. Monaco*, 996 A.2d 1076, 1079 (Pa.Super.2010) (citations and quotations omitted), *appeal denied*, 20 A.3d 1210 (Pa.2011). This Court may review a PCRA petition filed more than one year after the judgment of sentence becomes final only if the claim falls within one of the following three statutory exceptions, which the petitioner must plead and prove:

## § 9545. Jurisdiction and proceedings

\*    \*    \*

**(b) Time for filing petition.–**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment of sentence becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1).   Further, if a petition pleads one of these exceptions, the petition will not be considered unless it is "filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, the court sentenced Appellant on July 13, 2001.  This Court affirmed the judgment of sentence on December 18, 2002.  Our Supreme Court denied Appellant's petition for allowance of appeal on March 30, 2004, and Appellant did not seek further review.  Thus, Appellant's judgment of sentence became final ninety days later, on June 28, 2004, upon expiration of the time to file a petition for writ of *certiorari* with the United States

Supreme Court. **See** 42 Pa.C.S. § 9545(b)(3); U.S.Sup.Ct.R. 13. Appellant filed his current PCRA petition on April 4, 2014, nearly ten years after his judgment of sentence became final. Accordingly, Appellant's current petition is patently untimely.

Appellant attempts to invoke the after-discovered evidence exception, which requires proof of evidence that "could not have been ascertained by the exercise of due diligence" within the time restrictions of the PCRA. He states:

> Appellant did not become aware of the [s]entencing [c]laims until [almost] a decade later, and this was discovered by assistance that [A]ppellant has received. Therefore[,] when the [i]nformation became [a]vailable it was presented within a [t]imely manner, and pursuant to the statute of [s]ixty (60) days.
>
> In this instant [c]ase and appeal the [c]ourt imposed [s]entence(s) to total [s]ixteen to [t]hirty[-two] (32) years, and ordered to be served [c]onsecutively. This in [itself] was an abuse of discretion by the [t]rial [c]ourt.

Appellant's Brief at 9.

Although Appellant states in his brief that "[i]t was not until at this later date that [A]ppellant [d]iscovered the [s]entence and [c]laims of [illegality]," he does not specifically articulate whether he was unaware that his sentences were consecutive or that he was unaware that he had a claim of "illegality." At sentencing, the judge clearly explained Appellant's consecutive sentences. **See** N.T., 7/13/2001, at 17-18. Further, the judge specifically apprised Appellant of his right to appeal, to file post sentence

motions, and to obtain counsel. *Id.* at 18-19. Appellant proceeded to file a counseled post sentence motion which states "[a]ll terms of imprisonment are to be consecutive. Petitioner's aggregate sentence is 16 years to 32 years['] incarceration in a state correctional institution." *Id.* at 3.

To the extent that Appellant alleges he did not become aware of his sentencing claim until "almost a decade later," he does not attempt to explain how he could not have discovered the claim through the exercise of due diligence. Thus, Appellant fails to plead and prove this due diligence exception. *See* 42 Pa.C.S. § 9545(b)(1). As a result, Appellant's current PCRA petition is time-barred. *See **Williams, supra.*** Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/23/2015